**FILED**

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Stacy N Davenport
Sharon L Dubble Davenport
16439 Pottsville Pike
Hamburg, PA 19526

        Plaintiff(s),

   v.

United States Government

        Defendant.

Case No.

Jury Trial Demanded

CASE NUMBER  1:07CV00056

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 01/10/2007

---

## VERIFIED COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COME(S) NOW Stacy N Davenport Sharon L Dubble Davenport, and for cause(s) of action, aver(s):

### I.    PARTIES

    A.    Plaintiff(s), is/are (a) Citizen(s) of Pennsylvania.

    B.    Defendant is the UNITED STATES OF AMERICA.

### II.    JURISDICTION

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

        as amended;

III.    **VENUE**

    A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

    B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

**IV EXHAUSTION REQUIREMENT**

    Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 3, Area Director, Philadelphia, 600 Arch Street, Room 7400, Philadelphia, PA 19106 received by the IRS  July 5, 2006. More than 6 months have passed and plaintiff(s) have/has not received a response. Therefore, the aforementioned Verified Administrative Claim is deemed denied.  The aforementioned claim meets all requirements of the regulation.

**V.    ALLEGATIONS**[1]

    On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action.  Plaintiff(s) believe that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

---

[1] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

Plaintiff has filed this action within two years of the discovery of sufficient facts to

support a 7433 claim.

COUNT 1

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6001, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of

the imposition of a requirement to keep records, make statements, or file returns with

respect to any tax imposed in the Internal Revenue Code for each and every year

beginning with 1998 and continuing to the date of the filing of this action. Defendant has

refused to provide plaintiff(s), upon request, with documents evidencing that defendant has

complied with the aforementioned statute/regulation.  (See attached affidavit);

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with
the aforementioned collection actions the IRS disregarded Federal Tax Regulation 26 CFR
1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805,
to implement the provisions of Internal Revenue Code section 6001 with respect to income
tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application
thereof: defendant, through principals, officers, agents, and/or employees of Internal
Revenue Service, purported to be a component of the Department of Treasury, failed to
notify plaintiff, by notice served, of the imposition of a requirement to keep specific records,
make statements, or file returns with respect to tax imposed in Subtitle A of the Internal
Revenue Code for each and every year beginning with 1998 and continuing to the date of
the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with
documents evidencing that defendant has complied with the aforementioned
statute/regulation. (See attached affidavit);

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax
collection action has been continuous to the filing of this action. The IRS alleges that
plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with
the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Stacy N Davenport Sharon L Dubble Davenport, as authorized *if* a "…person shall fail to make a return required…" for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation.  (See attached affidavit);

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Stacy N Davenport

Sharon L Dubble Davenport for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Stacy N Davenport Sharon L Dubble Davenport for each and every year beginning with 1998 and continuing to the date of the filing of this action;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Stacy N Davenport Sharon L Dubble Davenport for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Stacy N Davenport Sharon L Dubble Davenport for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation.   (See attached affidavit);

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6103, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g.,

Substitute(s) for Return(s), and return information to plaintiff or plaintiff's representative upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1. aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,

2. applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by plaintiff(s) for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation.  (See attached affidavit);

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to make an assessment of the taxes and penalties for any of the

aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by

the secretary for each and every year beginning with 1998 and continuing to the date of

the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with

documents evidencing that defendant has complied with the aforementioned

¨statute/regulation. (See attached affidavit);

COUNT 12

    All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

    On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the

aforementioned collection actions the IRS disregarded Internal Revenue Code section

6203,with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, failed to record assessment(s) in the office of the Secretary

in the name ofStacy N Davenport Sharon L Dubble Davenport for each and every year

beginning with 1998 and continuing to the date of the filing of this action. Defendant has

refused to provide plaintiff(s), upon request, with documents evidencing that defendant has

complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)    identification of the taxpayer;

(2)    character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment,

for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned

statute/regulation. (See attached affidavit);

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed records of assessment with supporting lists upon request for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for each and every year

beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says plaintiff(s) owe(s) for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to include in each notice imposing a penalty (1) the name of the

penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the

penalty for each and every year beginning with 1998 and continuing to the date of the filing

of this action. Defendant has refused to provide plaintiff(s), upon request, with documents

evidencing that defendant has complied with the aforementioned statute/regulation. (See

attached affidavit);

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(b)(1), with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to verify that a supervisor had personally approved, in

writing, each initial penalty determination for each and every year beginning with 1998 and

continuing to the date of the filing of this action. Defendant has refused to provide

plaintiff(s), upon request, with documents evidencing that defendant has complied with the

aforementioned statute/regulation. (See attached affidavit);

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §7602(a), with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by conducting a presumed financial status audit for each of the

aforementioned years for each and every year beginning with 1998 and continuing to the

date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request,

with documents evidencing that defendant has complied with the aforementioned

statute/regulation.  (See attached affidavit);

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998 In connection with the

aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(b), with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by refusing to prove items of income which were reconstructed solely through

the use of statistical information on unrelated taxpayers for each of the aforementioned

years for each and every year beginning with 1998 and continuing to the date of the filing

of this action. Defendant has refused to provide plaintiff(s), upon request, with documents

evidencing that defendant has complied with the aforementioned statute/regulation. (See

attached affidavit);

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each

of the aforementioned years for each and every year beginning with 1998 and continuing

to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon

request, with documents evidencing that defendant has complied with the aforementioned

statute/regulation. (See attached affidavit);

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 26

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached

affidavit);

COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation.  (See attached affidavit);

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year

beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 30

On or about 1998 the IRS began tax collection action against plaintiff(s).

In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation. (See attached affidavit);

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6322, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, asserted liens for which no assessment was made in

accordance with Internal Revenue Code section 6203 and Federal Tax Regulation

301.6203-1 for each and every year beginning with 1998 and continuing to the date of the

filing of this action. Defendant has refused to provide plaintiff(s), upon request, with

documents evidencing that defendant has complied with the aforementioned

statute/regulation. (See attached affidavit);

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1998 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1998. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, by failing

to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal

Tax Lien Registration Act, as enacted in Pennsylvania for each and every year beginning with 1998 and continuing to the date of the filing of this action. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation.  (See attached affidavit);

### IV

### REMEDY SOUGHT

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

/

Dated: _1 - 8_____, 200●7

Stacy N. Davenport
Stacy N Davenport

Sharon L Dubble Davenport
Sharon L Dubble Davenport

**Commonwealth of Pennsylvania**

**County of** Berks }ss:

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Pennsylvania, personally appeared, Stacy N Davenport, Sharon L Dubble Davenport known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Notary, State of Pennsylvania_        1-8-07

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Scott A. Zechman, Notary Public
Ontelaunee Twp., Berks County
My Commission Expires Nov. 16, 2010
Member, Pennsylvania Association of Notaries

## AFFIDAVIT OF STACY DAVENPORT
### in support of and attached to 7433
### complaint for damages

I, Stacy Davenport, am of lawful age, am competent to testify and have personal knowledge of the facts contained herein.

1.    I am the plaintiff in the attached 7433 complaint for damages.

2.    On December 10, 2005 I sent the attached letter dated December 10, 2005, addressed to: Department of the Treasury, Internal Revenue Service, Mr. Mark W. Everson, Commissioner et al., 1111 Constitution Ave. NW, Room 3000, Washington, D.C. 20224.

3.    Said letter requested documents evidencing that a valid assessment had been made for each year and for all taxes the IRS alleges that I owe and other documents evidencing that the IRS had and is following proper collections procedures.

4.    Plaintiff(s) received an improper response dated May 3, 2006. (copy attached).

5.    Said response treated affiant's simple request for documents as though it was an argument.

6.    Said letter states, "We have determined that the arguments you raised are frivolous and have no basis in law."

7.    The language "We have determined..." indicates that an evidentiary administrative hearing was held to which affiant was not noticed and/or allowed to be heard and/or allowed to present evidence. Thus, affiant was denied due process of law in this matter.

8.    Said letter further states: "If you persist in sending frivolous correspondence, we will not continue to respond to it."

9.    Said letter threatens a $500.00 penalty if affiant makes further requests for documents to support IRS claims.

10.    Pursuant to: (1) the Federal Records Act; 82 Stat. 1297, et seq.; (2) the National

26 U.S.C. §7433 Complaint

**FILED**

JAN 1 0 2007          07 0056

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Archives Act , 90 Stat. 2723, , et seq.; 3) the Freedom of Information Act, 80 Stat. 383, et seq.; and, 4) the Privacy Act of 1974, 88 Stat. 1897, affiant is entitled to copies of all records in his file and to records supporting all IRS actions involving affiant.

11.   Pursuant to the aforementioned letters the IRS has not only refused to provide affiant with records he is entitled to, but has called affiants request frivolous and threatened affiant with a $500.00 penalty for asking for records and refuses to respond to any further correspondence.

12.   As further evidence of the IRS' refusal to respond to affiant's correspondence, affiant filed a Verified Administrative Claim to the Internal Revenue Service, Area 3, Area Director, Philadelphia, 600 Arch Street, Room 7400, Philadelphia, PA 19106 received by the IRS July 5, 2006. More than 6 months have passed and the IRS has refused to reply.

13.   Pursuant to the aforementioned correspondence affiant is officially barred from any further administrative review, relief and/or remedy.

13.   Further, affiant sayeth naught.

_Stacy N. Davenport_
Stacy N Davenport

**Commonwealth of Pennsylvania**

**County of** Berks                     **}ss:**

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Pennsylvania, personally appeared, Stacy N Davenport, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____ /-8-07

Notary, State of Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Scott A. Zechman, Notary Public
Ontelaunee Twp., Berks County
My Commission Expires Nov. 16, 2010
Member, Pennsylvania Association of Notaries

Stacy N Davenport
Sharon L Dubble Davenport
16439 Pottsville Pike
Hamburg, PA 19526

Tax ID #:  (For information only)

**Department of the Treasury**
Internal Revenue Service
Mr. Mark W. Everson, Commissioner et al.
1111 Constitution Ave. NW, Room 3000
Washington, D.C. 20224

Dear Mr. Everson:

I/we am/are in receipt of the attached suspicious document(s)[1].  This/these paper(s) does/do not bear a signature and is/are not accompanied by valid documentation.  I/we have no means to evaluate its/their integrity.

I/we object to those under your supervision sending me/us threatening letters without clear identification of who sent the letter(s) and their authority to do.  Thus, I/we am/are unable to determine whether the threatening letter(s) is/are a fraud.

As you are aware the Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires you as the head of a Federal agency, to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

**GAO/AIMD-99-75, FINANCIAL AUDIT - IRS' FISCAL YEAR 1998 FINANCIAL STATEMENTS,** issued March 1, 1999, cites, "pervasive weaknesses in…accounting procedures, documentation, (and) recordkeeping," p. 7, and, "substantial deficiencies…agencywide," p. 8, including, "material weaknesses in [IRS'] financial accounting," pp. 9, 11, and concluded that, "IRS cannot provide reasonable assurance that *** (3) information reported by IRS is accurate, timely, and meaningful." p. 9.  According to the **GAO/AIMD-99-75,** p. 10, IRS' financial management systems do not substantially comply with certain requirements of the Federal Financial Management Improvement Act of 1996 (FFMIA), reportable under OMB Bulletin 98-08, including systems requirements, federal accounting standards, and the U.S. Government Standard General Ledger (GSL) at the transaction level; neither the IRS custodial nor administrative general ledger systems comply with the GSL rules for agencies to follow in recording financial events, p. 12, and neither provides a complete audit trail, pp 12, 13, as IRS does not have a detailed subsidiary ledger for taxes receivable. pp 13, 15.
**GAO/AIMD-99-75** cited additional, "material weaknesses," p. 11, relating to IRS' revenue accounting and reporting, citing, "…inability to…(1) separately report…individual income taxes… and, (2) determine the amount of *excise tax revenue* it collected…" (emphasis added), p. 11; as well as in supporting documentation,

---

[1]  Letter CP 91 dated Sept. 10, 2005

07 0056
**FILED**

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

p. 11, specifying bankruptcy case files excluding information necessary to verify the IRS' creditor status. p. 16.

**GAO/AIMD-99-75** further found that IRS' policy of running computer programs against its master files, "is not an adequate substitute for a reliable subsidiary ledger which provides an accurate outstanding balance," pp 13-14, and GAO concluded that this practice violates the FEDERAL FINANCIAL MANAGEMENT IMPROVEMENT ACT of 1996 (FFMIA, reportable under OMB Bulletin 98-08), federal accounting standards, and the U.S. Government Standard General Ledger (GSL), and "led to IRS pursuing collection efforts against taxpayers (sic) that had already paid their taxes in full." p. 16.

**GAO/AIMD-99-75** indicates that GAO has twice before reported that IRS' controls are not adequate to reduce the risk that payments will not be properly credited; IRS cannot report the specific amount of revenue it actually collected for three of the federal government's four largest revenue sources: Social Security, Hospital Insurance, and individual income taxes, *citing* Internal Revenue Service: Physical Security Over Taxpayer Receipts and Data Needs Improvement (*See*: **GAO/AIMD-99-15**, November 30, 1998); Internal Revenue Service: Immediate and Long-Term Actions Needed to Improve Financial Management .

Pursuant to the requirements of 26, U.S.C. §6203, Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222 , I/we demand that you send me/us (a) certificate(s) of assessment for each year identified in the letter(s) and evidence of their accuracy. I/we have previously requested certificates of assessment. You have failed to respond. As you are aware IRC §6201requires that before a tax is due it must be assessed. It appears that in my/our case there is/are no assessment(s) for the year(s) set forth in the attached correspondence. It also appears that pursuant to the above GAO Audit report that the numbers shown on the attached letters is/are inaccurate, untimely, and not meaningful.

If I/we do not hear from you within 30 days from your receipt of this letter disputing a tax obligation for the years in question I/we will reasonably conclude that you have failed to keep proper records, there is/are no assessment(s) for the year(s) referenced, that the request(s) is/are fraudulent, that your employees are engaged in felony extortion by collecting more tax than is shown on the certificate(s) of assessments, and shall expect your internal investigation to determine who violated laws by sending threatening letters.

Additionally, because you have previously failed and/or refused to provide me/us evidence that (a) valid assessment(s) exist(s) I/we have sued your employer (United States) under the provisions of 26 USC §7433, a copy of the first two pages are attached. Should your employees continue with collection activities I/we will seek an order to show cause against you for allowing your employees to continue to disregard any section of Title 26 and its regulations by collecting and attempting to collect more tax than is shown on the non-existent certificates of assessment.

Thank you in advance for respecting my right to dispute an alleged tax obligation.

Sincerely

*Stacy N Davenport*

Stacy N Davenport

Dated  /2 - / 6 ____, 2005

**IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0030

In reply refer to:  0469004352
May  03, 2006  LTR 3175C    0
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  000000 00 000
                                26565
                         BODC: SB

STACY N DAVENPORT
16439 POTTSVILLE PIKE
HAMBURG  PA  19526-8102394

Dear Taxpayer:

     This is in reply to your correspondence dated Dec. 10, 2005.

     We have determined that the arguments you raised are frivolous and
have no basis in law.  Federal courts have consistently ruled against
such arguments and imposed significant fines for taking such frivolous
positions.

     You can obtain IRS Publication 2105, Why do I Have to Pay Taxes?,
from our internet website at www.irs.gov/pub/irs-pdf/p2105.pdf.  We
also refer you to a document entitled The Truth About Frivolous Tax
Arguments.  It is also on our website at www.irs.gov/pub/irs-utl/
friv_tax.pdf.  If you do not have internet access, you can obtain
copies of these documents from your local IRS office.

     There are some people who encourage others to violate our nation's
tax laws by arguing that there is no legal requirement for them to
file income tax returns or pay income taxes.  These people base their
arguments on legal statements taken out of context and on frivolous
arguments that have been repeatedly rejected by federal courts.
People who rely on this kind of information can ultimately pay more in
taxes, interest and penalties than they would have paid simply by
filing correct tax returns.

     People who violate the tax laws also may be subject to federal
criminal prosecution and imprisonment.  Information about the IRS's
criminal enforcement program is available on the internet at
www.irs.gov.  Once there, enter the IRS keyword: fraud.

     The IRS is working with the United States Department of Justice
and state taxing authorities to ensure that all taxpayers pay their
lawful share of taxes and to seek criminal indictments or civil
enforcement actions against people who promote or join in abusive and
fraudulent tax schemes.

     The claims presented in your correspondence do not relieve you
from your legal responsibilities to file federal tax returns and pay
taxes.  We urge you to honor those legal duties.

     If you persist in sending frivolous correspondence, we will not
continue to respond to it.  Our lack of response to further

0469004352
May  03, 2006  LTR 3175C   0
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  000000 00 000
26566

STACY N DAVENPORT
16439 POTTSVILLE PIKE
HAMBURG  PA  19526-8102394


correspondence does not in any way convey agreement or acceptance of
the arguments advanced.  If you desire to comply with the law
concerning your tax liability, you are encouraged to seek advice from
a reputable tax practitioner or attorney.

    This letter advises you of the legal requirements for filing and
paying federal individual income tax returns and informs you of the
potential consequences of the position you have taken.  Please observe
that the Internal Revenue Code sections listed below expressly
authorize IRS employees that act on behalf of the Secretary of the
Treasury to: 1.)examine taxpayer books, papers, records, or other data
which may be relevant or material; 2.) issue summonses in order to
gain possession of records so that determinations can be made of the
tax liability or for ascertaining the correctness of any return filed
by that person; and 3.) collect any such liability.

General Information on Filing Requirements and Authority to Collect
Tax

    Title 26, United States Code
        Section 6001  Notice or regulations requiring records,
        statements, and special returns
        Section 6011  General requirement of return, statement, or list
        Section 6012  Persons required to make returns of income
        Section 6109  Identifying numbers
        Section 6151  Time and place for paying tax shown on returns
        Section 6301  Collection Authority
        Section 6321  Lien for taxes
        Section 6331  Levy and distraint
        Section 7602  Examination of books and witnesses

INTERNAL REVENUE CODE SECTION 6702 (FRIVOLOUS INCOME TAX RETURN)
PROVIDES:

CIVIL PENALTY - If -
    (1)  any individual files what purports to be a return of the tax
         imposed by subtitle A but which -
         (A)  does not contain information on which the substantial
              correctness of the self-assessment may be judged, or
         (B)  contains information that on its face indicates that
              the self-assessment is substantially incorrect; and
    (2)  the conduct referred to in paragraph (1) is due to -
         (A)  a position which is frivolous, or
         (B)  a desire (which appears on the purported return) to
              delay or impede the administration of Federal income
              tax laws, then such individuals shall pay a penalty

```
                                                           0469004352
                                        May 03, 2006  LTR 3175C    0
                                        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  000000 00 000
                                                                26567
```

STACY N DAVENPORT
16439 POTTSVILLE PIKE
HAMBURG  PA  19526-8102394


             of $500.00


PENALTY IN ADDITION TO OTHER PENALTIES - The penalty imposed by
subsection (a) shall be in addition to any other penalty provided
by law.

    If you any have questions, please write to us at the address
shown at the top of the first page of this letter.  Or, you may call
us toll free at 1-866-899-9083.  Whenever you write, please include
this letter and, in the spaces below, give us your telephone number
with the hours we can reach you.  You may also wish to keep a copy of
this letter for your records.

Your Telephone Number (___)_____    Hours _____


                              Sincerely yours,

                              Scott Prentky

                              Scott Prentky
                              Field Director, Compliance Services

Enclosure(s):
Copy of this letter
Publication 1
Publication 2105

JS-44
(Rev.1/05 DC)

**I. (a) PLAINTIFFS**

Stacy N Davenport
Sharon L Dubble Davenport

**DEFENDANTS**

United States Government

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Berks
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stacy N Davenport
Sharon L Dubble Davenport
16439 Pottsville Pike
Hamburg, PA 19526
484-269-1354

ATTORNEYS (IF KNOWN)

CASE NUMBER  1:07CV00056

JUDGE: Richard J. Leon

DECK TYPE: Pro se General Civil

DATE STAMP: 01/10/2007

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ◉ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Verified claim for damages for unauthorized collection actions pursuant 26 USC 7433

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☒   If yes, please complete related case form.

DATE  1-8-07          SIGNATURE OF ATTORNEY OF RECORD  *Stacy M. Davenport*   Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.